# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# McALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. |
| JESUS JURAIDINI | |

## NOTICE OF PLEA AGREEMENT

COMES NOW the United States of America, hereinafter referred to as "the Government," by and through its United States Attorney for the Southern District of Texas and its Assistant United States Attorney assigned to this matter, and would respectfully show the Court that the Government and the Defendant have entered into the following plea agreement:

1. Defendant agrees to:

    a. Plead guilty to Count One and Two of the Criminal Information.

    b. Pursuant to 18 U.S.C. ' 3663(a)(3), Defendant agrees and stipulates that at least $2,519,000.00 represents the proceeds that the Defendant obtained directly or indirectly as a result of his participation in the charged violation, and that the factual basis for his guilty plea supports the forfeiture of $2,519,000.00. Defendant agrees to forfeit any of the Defendant's property in substitution, up to a total forfeiture of $2,519,000.00, and further the Defendant agrees to the imposition of a personal money judgment up to that amount; and

    c. The Defendant agrees that if he has not forfeited or effectuated the transfer of substitute assets as listed in paragraph 3(c) to this Plea Agreement by the time of sentencing, that he shall make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) by the time of sentencing and will authorizing the release of all financial information requested by the United States. If the transfer identified in paragraph 3(c) to this Plea Agreement has not occurred by the time of sentencing, Defendant further agrees take all steps necessary to pass clear title to forfeitable assets to the United States and to fully assist in the collection of restitution and fines, including, but not limited to surrendering title, executing warranty deeds, signing consent decrees, and signing any other documents to effectuate the transfer of any asset.

2. The Government agrees to:

   a. Recommend that the offense level decrease by 2 levels pursuant to U.S.S.G. § 3E1.1(a) if the Defendant clearly demonstrates acceptance of responsibility;

   b. Recommend that the sentences for Counts 1 and 2 run concurrently; and

   c. Agreeing that the money judgment sought by the Government in the Criminal Information in the amount of $2,519,000.00 shall be satisfied in full by the substitute property identified in Attachment A and in an Agreed Motion for Forfeiture of Substitute Property of Defendant to be filed by the parties, if the Defendant effectuates the transfer of said substitute property, unencumbered; does not oppose forfeiture of said substitute property; and that there are no claimants other than taxing authorities.

If the Defendant is not a citizen of the United States of America, a plea of guilty may result in removal from the United States, denial of citizenship and denial of admission to the United States in the future. If the Defendant is a naturalized United States citizen, a plea of guilty may result in denaturalization.

This document states the complete and only Plea Agreement between the United States of America and the Defendant, and is binding only on the parties to this Agreement, and it supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing and signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the Defendant in connection with this case, nor have any promises or threats been made in connection with this plea.

ACKNOWLEDGMENTS:

I have read this agreement and carefully reviewed every part of it with my attorney. If I have difficulty understanding the English language, I have had a person fluent in the Spanish language interpret this agreement to me.

Date: 3/22/21     Defendant: _____

I am the Defendant's counsel. I have carefully reviewed every part of this agreement with the Defendant. I certify that this agreement has been translated to my client by a person fluent in the Spanish language if my client is unable to read or has difficulty understanding the English language.

Date: 3/22/21     _____
                  Counsel for Defense

For the United States of America:

JENNIFER B. LOWERY
Acting United States Attorney

_____
ROBERTO LOPEZ, JR.
Assistant United States Attorney

APPROVED BY:

_____
James H. Sturgis
Assistant United States Attorney in Charge

# ATTACHMENT A

1. Lot Eight (8), Block Forty Eight (48), Original Townsite of McAllen, Hidalgo County, Texas as per map or plat thereof recorded in Volume "Q," Page 318, Deed Records Hidalgo County, Texas and also known as 503 S. 11th Street, McAllen, Texas;

2. Lot 25, Sugar Creek Estates, an addition to the City of Pharr, Hidalgo County, Texas, as per map or plat thereof recorded in Volume 49, Page 50, Map Records, Hidalgo County, Texas and also known as 1403 Kiwi Avenue, Pharr, Texas;

3. Lots 13-14 and 16-20, North Garden Villas Subdivision, an addition to the City of McAllen, Hidalgo County, Texas according to the map or plat thereof recorded in Volume 54, Page 100, Map Records, Hidalgo County, Texas also known as 7015 N. 3rd Street, McAllen, Texas, 7017 N. 3rd Street, McAllen, Texas, 7021 N. 3rd Street, McAllen, Texas, 7023 N. 3rd Street, McAllen, Texas, 7025 N. 3rd Street, McAllen, Texas; 7027 N. 3rd Street, McAllen, Texas; 7029 N. 3rd Street, McAllen, Texas; and

4. A 45.82 acre tract of land out of Lot 39, Fountain Subdivision, recorded in Volume 9, Page 59, Map Records of Hidalgo County, Texas said 25.82 acre tract of land being more particularly described by metes and bounds as follows:

   a. Commencing at ½ inch iron rod with cap stamped "Medina 5719" set for the Southeast corner of Lot 39, Fountain subdivision (having a Coordinate Value of (X) E = 11011836.187, (Y) N = 16727633.446 of the Texas State Plane Coordinate System, South Zone, North American Datum of 1983) and being on the West right-of-way of Fountain Road (having 50.00 feet of right-of-way);

   b. THENCE, leaving the Southeast corner of Lot 39, along the West right-of-way of Fountain Road, North 00 Deg. 01 Min. 09 Sec. West, a distance of 125.31 feet to a ½ inch rod with cap stamped "Medina 5719" set for the Southeast corner and POING OF BEGINNING of the tract herein described Subdivision (having a Coordinate Value of (X) E=1101836.145; (Y) N=16727758.753 of the Texas State Plane Coordinate System, South Zone, North American Datum of 1983);

   c. THENCE, leaving the West right-of-way of Fountain Road, North 90 Deg. 43 Min. 10 Sec. West (N. 80° 30' W-Plat) a distance of 2648.97 feet to a point on the West boundary of Lot 39, for the Southwest corner of the tract herein described,

   d. THENCE, along the West boundary of said Lot 39 North 09 Deg. 16 Min. 08 Sec. East (N. 09° 30' E-Plat) a distance of 428.67 Feet to a ½ inch iron rod with cap stamped "MEDINA 5719" found on the West boundary of Lot 39, for the Northwest corner of the tract herein described;

   e. THENCE, leaving the West boundary of Lot 39 South 80 Deg. 43 Min. 10 Sec. East (S. 80° 30' E-Plat) a distance of 2588.86 feet to a ½ inch iron rod with a cap stamped "MEDINA 5719" found on the West right-of-way of Fountain Road and the Northeast corner of the tract herein described;

   f. THENCE, along the East right-of-way of Fountain Road, South 00 Deg. 01 Min. 09 Sec. East (S. 00° 12' E-Plat) a distance of 434.48 feet to the POINT OF BEGINNING, containing 25.82 acres of lands within these metes and bounds.